THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL FALK, Relator, *v.* THE SHERIFF OF NEW YORK COUNTY, or Any Other Person Having the Custody of WILLIAM F. DOYLE, Respondent.

Supreme Court, New York County, August 14, 1931.

*Samuel Falk* and *Ilo Orleans*, for the relator.

*Samuel Seabury, George Trosk, Harland B. Tibbetts, Sidney Handler*, for the Joint Legislative Committee of the Senate and Assembly of the State of New York.

Sheriff of New York county appearing in person.

DORE, J. On this return of the writ of habeas corpus in this proceeding, I hold that this court has jurisdiction. The witness was adjudged in contempt by the order of this court dated July 21, 1931, which adjudged and ordered that the said William F. Doyle, now present before this court and contumaciously and unlawfully refusing to answer the said questions (referring to the questions in Exhibit 1 annexed to the said order, Case on Appeal, folios 17–38) after having been directed by the court to answer the same, is guilty of a contempt. This order was sustained by the Appellate Division of the First Department (233 App. Div. ——). The Court of Appeals by its decision on August 10, 1931, modified the order of the Appellate Division and of the Special Term by directing that the appellant stand committed until he answers the question whether he has bribed any public officer, such imprisonment not to exceed the period of thirty days, and as so modified, affirmed the said orders. (257 N. Y. 244.)

On the remittitur of the Court of Appeals, by order of this court dated August 11, 1931, and in accordance with the terms of the said remittitur, the order dated July 21, 1931, signed by the Hon. WILLIAM HARMAN BLACK at Special Term, Part II of this court, was modified by directing that the said William F. Doyle stand committed as and for his contempt until he answers the question whether he bribed any public officer such imprisonment not to exceed the period of thirty days.

The witness Doyle was produced before the joint legislative committee by order of this court dated August 13, 1931, directing the sheriff of the county of New York to produce the said witness in person before the joint legislative committee of the Senate and the Assembly of the State of New York at the public hearing at ten A. M. on August 14, 1931, in the New York County Court House, " where he will be held subject to the order of this court." At the said hearing the following questions were asked and the following answers given: " Q. Will you now tell this Committee whether or not you gave a bribe to any public official, and if so, to whom? A. I did not give a bribe to any public official. The answer is No. Q. You remember that I put that question to you on July 21st? A. I do. " Q. You remember that your answer then was that to answer it would incriminate you? A. I do. Q. Are you now trifling with this Committee or are you making a serious and truthful answer? A. I am making a serious and truthful answer." The witness has, therefore, answered the question which he was directed to answer pursuant to the modified order on the decision and remittitur of the Court of Appeals.

Thereafter on August 14, 1931, the chairman of the joint legislative committee in open session announced the formal determination of the committee as follows: " The Committee stands divided, and by a vote of 5 to 4, the committee declines to attest that Dr. Doyle, the witnesss, has purged himself of contempt." Among other contentions made upon the hearing before me, the learned counsel for the committee urged that in the committee's opinion the answer to the question was false and perjurious. If this be so, the witness has committed a crime for which he is subject to prosecution by proper procedure.

Under section 1253 of the Civil Practice Act, subdivision 2, and under the decision of the Court of Appeals and on the modified order of this court entered thereon, I am constrained to hold that the witness has purged himself of his contempt in accordance with the decision of the Court of Appeals and is entitled to be discharged. The writ is sustained and the witness is discharged.